UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HARCOURT LEACOCK,

           Plaintiff,

  -against-

NASSAU HEALTH CARE CORPORATION,
MICHAEL DELUCA, in his official and individual
capacity, and LARRY SLATKY, in his official and
individual capacity,

           Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
08–CV–2401 (JMA)(GRB)

**FILED**
**CLERK**
3/3/2016 11:49 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Defendants Nassau Health Care Corp., Michael DeLuca, and Larry Slatky have moved pursuant to Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1292(b) for an order amending the Court's September 23, 2015 Order denying defendants' motion for reconsideration to include a certificate for interlocutory review. For the reasons set forth below, defendants' motion is denied.

### I.    Legal Standard

    Under 28 U.S.C. § 1292(b) ("Section 1292(b)"), a district court may certify a question for interlocutory appeal where (1) the decision to be appealed "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). When the district court certifies an order for interlocutory appeal pursuant to Section 1292(b), the Court of Appeals may either accept or reject the interlocutory appeal at its own discretion. See 28 U.S.C. § 1292(b). If the Court of Appeals accepts the appeal, it "'may address any issue fairly included within the certified order,' as 'it is the order that is appealable and not the controlling

1

question identified by the district court.'" Cal. Pub. Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 95 (2d Cir. 2004) (quoting Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996)).

For the first factor, a controlling question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quoting Consub Del. LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). If a reversal of the district court's order "would terminate the action," it involves a "controlling" question of law. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990). Short of a reversal necessitating dismissal, at a minimum, the resolution of the issue should "materially affect the litigation's outcome." Capitol Records, 972 F. Supp. 2d at 551.

For the second factor, a substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Lloyd's Am. Trust Funds Litig., No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997)). "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Capitol Records, 972 F. Supp. 2d at 551 (quoting In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).

For the third factor, an interlocutory appeal "materially advances" the litigation if it demonstrates that the "appeal promises to advance the time for trial or shorten the time required for trial." Transp. Workers Union of Am., Local 100, AFL CIO v. N.Y.C. Transit Auth., 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005)). This factor carries significant weight. Capitol Records, 972

F. Supp. 2d at 551. The party seeking interlocutory appeal has the burden of establishing all three factors under Section 1292(b). See In re Facebook, Inc. IPO Sec. & Derivative Litig., 986 F. Supp. 2d 428, 475 (S.D.N.Y. 2013) ("The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met.").

A key consideration in determining whether to certify an order for interlocutory appeal is efficiency. See In re Lloyd's, 1997 WL 458739, at *4. The efficiency of both the district court and the appellate court must be considered, weighing the benefit of avoiding an unnecessary trial against the inefficiency of having the appellate court hear multiple appeals in the same case.[1] Id. However, the district court will also consider additional factors in determining whether to certify a decision for interlocutory appeal pursuant to Section 1292(b): (1) the benefit of further factual development and a complete record on appeal, particularly in rapidly developing or unsettled areas of the law; (2) the time an appeal would likely take; (3) the need for a stay pending appeal and the effect on the litigation, including discovery, that would result from a stay; and (4) the probability that other issues may moot the need for the interlocutory appeal. Mayers v. N.Y. Community Bancorp, Inc., No. CV–03–5837, 2006 WL 2013734, at *9 (E.D.N.Y. July 18, 2006).

While the district court has broad discretion to certify an issue for interlocutory appeal, the Second Circuit has cautioned that interlocutory appeal should be applied only in very limited an exceptional circumstances. In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate

---

[1] The Second Circuit has warned of the potential for inefficiency at the appellate level created by interlocutory appeals: "[I]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991).

review until after the entry of a final judgment."). The decision of whether to certify a question for interlocutory appeal is left to the sound discretion of the district court. Morris v. Flaig, 511 F. Supp. 2d 282 (E.D.N.Y. 2007) ("District court judges have broad discretion to deny certification even where the statutory criteria are met.").

## II.     Discussion

Defendants rightfully note that "[t]his case has taken some unusual twists and turns." (Def.'s Br. at 1.)  This motion arises from this Court's Order directing the parties to amend their Joint Pretrial Order to include plaintiff's retaliatory discharge claims.  Defendants argue that the Court's Order ruled upon two legal questions that satisfy the Section 1292(b) requirements and should be certified for interlocutory appeal:

1. "May the Plaintiff seek damages at trial for a retaliatory discharge claim despite twice conceding before the Court that Judge Hurley previously dismissed the claim?"

2. "May the District Judge modify Judge Hurley's prior order and order the parties to amend their Joint Pretrial Order without an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice?"

(Def.'s Br. at 3.)

The Court does not believe that there is substantial ground for difference of opinion regarding the issues presented for interlocutory appeal.  Defendants argue that the peculiar procedural history of this case complicates the issues for interlocutory appeal and makes it likely that the issues will be questions of first impression for the Second Circuit.  Defendants also argue that there is conflicting authority as to whether the trial court may permit a party to deviate from the contents of a Joint Pretrial Order.  This Court disagrees with both of defendant's contentions.

First, although the Court acknowledges that this case contains "irregular procedural history" that compounds the difficulty in determining the issues presented for interlocutory appeal,

4

each case before a trial judge has a unique—and often complex—procedural history. It is for exactly this reason that the trial court, which often has greater familiarity with the case's procedural history, is endowed with discretion on determinations relating to trial functions.

Second, while defendants provided numerous examples of court decisions denying a party permission to deviate from the contents of a Joint Pretrial Order, defendants have not provided any conflicting authority on whether a trial court may, in its discretion, permit a party to amend a non-final Joint Pretrial Order. The law on this matter is clear. The language of Federal Rule of Civil Procedure 16 allows the trial court to modify a Pretrial Order. See Fed. R. Civ. P. 16(d) ("After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it." (emphasis added)). Moreover, even after the court holds a final pretrial conference to formulate the trial plan, the court may still modify the Pretrial Order in its discretion. Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."). Thus, there is no conflicting authority as to whether the Court could modify a non-final Pretrial Order. See In re Lloyd's, 1997 WL 458739, at *4.

### III.   Conclusion

For the reasons set forth above, defendant's motion for certification for interlocutory review is denied.

**SO ORDERED.**

Date: March 3, 2016
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

5